**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARTER R. HARGRAVE ) <br> d/b/a World Jeet Kune Do Federation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CONCORD MOON LP, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 06-CV-634-GKF-SAJ |

**O P I N I O N  A N D  O R D E R**

Before the court is the Motion to Dismiss for Lack of Personal Jurisdiction of defendant Concord Moon LP ("Concord") [Docket No. 11].

Since Oklahoma's long-arm statute permits personal jurisdiction to be exercised "on any basis consistent with the Constitution of [Oklahoma] and the Constitution of the United States," an inquiry into personal jurisdiction under Oklahoma law is a question of due process. Okla. Stat. tit. 12 § 2004 (F).  Due process requires that "in order to subject a defendant to a judgment in personam, if he not be present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Plaintiff Carter R. Hargrave ("Hargrave") points to several contacts with the forum by The Bruce Lee Foundation, a licensee of Concord.  Concord, however, must have manifested a presence "by activities carried on in its behalf by those who are authorized to act for it." *Id.*  The Bruce Lee Foundation is a legally separate entity and there is nothing before this court to show that it is owned

in whole or in part by Concord. Hargrave offers nothing to suggest that the Foundation's activities and contacts are authorized activities carried on in Concord's behalf. Consequently, general personal jurisdiction over Concord cannot be established via the Foundation's activities. *Quarles v. Fuqua Indus., Inc.,* 504 F.2d 1358, 1364 (10th Cir.1974).

Hargrave points to three cease-and-desist letters sent by Concord to Hargrave in Oklahoma over a six month period beginning April 28, 2006. These letters by themselves are insufficient to establish either general or specific personal jurisdiction in Oklahoma. Such contacts are simply not so "continuous and systematic" as to subject Concord to general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-416 (1984). The cease-and-desist letters are also insufficient to establish specific jurisdiction over Concord. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1359-61 (Fed. Cir. 1998). Since Concord's only contacts with Oklahoma were efforts to give the plaintiff proper notice of Concord's trademark rights, standards of fairness dictate that Concord be insulated from personal jurisdiction in a distant forum based solely on these letters. *Id* at 1361.

WHEREFORE, defendant Concord Moon LP's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. #11] is granted.

IT IS SO ORDERED this 23rd day of May 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma